IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLARD LEE CHINN                                           PLAINTIFF

v.                      CIVIL NO. 16-5306

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Willard Lee Chinn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on November 25, 2013, alleging an inability to work since October 12, 2012,[2] due to neuropathy, his right knee, his back, and his right arm. (Tr. 132). For DIB purposes, Plaintiff maintained insured status through March 31, 2015. (Tr. 12, 293). An administrative hearing was held on June 23, 2015,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The ALJ found Plaintiff amended his alleged onset date to March 30, 2015, at the supplemental hearing held on February 4, 2016. (Tr. 12). A review of the hearing testimony failed to indicate that Plaintiff amended his alleged onset date. (Tr. 42-75). The ALJ discussed all of the relevant medical evidence and the Court does not find the incorrect onset date listing impacted the decision in this case. The Court would further point out that neither party argued that the ALJ's amended onset date was incorrect. In the case currently before the Court, Plaintiff's onset date was set to the first day after the date of an ALJ's hearing decision denying Plaintiff's previous application for benefits.

1

at which Plaintiff appeared with counsel and testified. (Tr. 54-73). A supplemental hearing was held on February 4, 2016. (Tr. 42-53).

By written decision dated April 21, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: mild right knee osteoarthritis, chronic back pain, peripheral neuropathy, radiculopathy, hypertension and antisocial personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally push and/or pull with his right lower extremity. He can occasionally climb ramps and stairs but never climb ladders, ropes of (sic) scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. The claimant must avoid dangerous moving machinery and unprotected heights. He can perform work that is limited to simple, routine, repetitive tasks involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors and the general public.

(Tr. 17). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as an air purifier servicer, an accounts representative, and a merchandise marker. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 22, 2016. (Tr.1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 16th day of November 2017.

                                           /s/ *Erin L. Wiedemann*
                                           HON. ERIN L. WIEDEMANN
                                           UNITED STATES MAGISTRATE JUDGE